IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HORACE WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:11v346 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Horace Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams states that he was found guilty of possession of a tobacco product in a state correctional facility, for which he received 53 days of solitary confinement, loss of telephone privileges, and a reduction in classification status. He did not lose any good time. He asserted that there was insufficient evidence to support the conviction because there was no physical evidence of tobacco offered at the hearing, but only the "word of mouth of Officer Lucas." Williams also appeared to argue that he should have been acquitted under Tex. Code Crim. Pro. art. 38.17, requiring two witnesses to support a finding of guilt, and that the hearing record reflects a finding of not guilty but he was punished anyway.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that the central issue in the case revolved

around whether or not Williams had stated the denial of a constitutionally protected liberty interest. In Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), the Supreme Court stated that the operative interest involved was the nature of the deprivation. In the present case, the Magistrate Judge stated that the deprivations imposed upon Williams as a result of the disciplinary case did not violate any constitutionally protected liberty interests, and so the claim for habeas corpus relief lacked merit.

In addition, the Magistrate Judge said, Williams' claims lacked merit on their face. The testimony of Officer Lucas constituted "some evidence" to support the finding of guilt, no constitutional requirement exists that physical proof of contraband be introduced at the hearing, a clerical error in the circling of the letters "NG" on the report would not provide a basis for habeas corpus relief in light of the fact that Williams does not dispute that he was found guilty at the hearing, and Article 38.17 of the Texas Code of Criminal Procedure provided no basis for relief in a federal habeas corpus proceeding. The Magistrate Judge also recommended that Williams be denied a certificate of appeal *sua sponte*.

Williams filed objections to the Magistrate Judge's Report. In his objections, Williams seeks to distinguish Sandin by stating that he did not argue good time credits, but rather that he was denied due process. He says that in Sandin, the Supreme Court "drew a negative inference that the committee may not impose segregation if it did not find substantial evidence of misconduct," and argued that a liberty interest exists in the right not to suffer adverse disciplinary action without sufficient evidence to support the charge. However, in Sandin, the "negative inference" was drawn by the Court of Appeals, not the Supreme Court, in a decision which the Supreme Court reversed. Sandin, 115 S.Ct. at 2295, 2299. The existence of a liberty interest is predicated on the nature of the deprivation, and Williams has not shown a deprivation which implicates such an interest; even if a liberty interest not to suffer adverse disciplinary action without sufficient evidence existed, however, Williams' claim would fail because by his own pleadings, the charge was supported by testimony from Officer Lucas, which is sufficient to support the finding of guilt. Hudson v. Johnson, 242 F.3d

534, 536-37 (5th Cir. 2001). Williams has not shown that he was denied the process he was due, and his objections on this point are without merit.

Williams devotes the remainder of his objection to arguing that Lucas' testimony was not sufficient evidence. As the Magistrate Judge said, however, there is no requirement that physical proof of the contraband be introduced at the hearing. Russell v. Conaway, 77 F.3d 477, 1996 WL 46675 (5th Cir., January 2, 1996) (rejecting claim that the evidence was insufficient to support a finding of guilt in a prison disciplinary case because the contraband was not produced, where the finding of guilt was based on the officer's report and testimony). The Fifth Circuit has specifically stated that an officer's identification of an inmate in a written report constitutes "some evidence" to support the disciplinary charge. Hudson, 242 F.3d at 537. Because Lucas' testimony was sufficient evidence to uphold the finding of guilt, Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.

ORDERED that the Petitioner Horace Williams is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of October, 2011.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE